IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (WATERLOO) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18-CR-2034 |
| | ) | |
| vs. | ) | |
| | ) | |
| RANDY CONSTANT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S MOTION FOR ALTERNATIVE
VICTIM NOTIFICATION PROCEDURES**

The United States of America hereby respectfully moves this Court, pursuant to Title 18, United States Code, Section 3771(d)(2), for authorization to employ the victim notification procedures described below, in satisfaction of the requirements of section 3771(a)(2). The number of crime victims in this case makes individual notification impracticable. In support of this motion, the government states as follows:

**A.  Statutory Victim Notification Requirements**

On October 30, 2004, the President signed into law the Crimes Victims' Rights Act of 2004. Title I of the Act enumerates specific rights of crime victims in federal criminal cases, codified at 18 U.S.C. § 3771(a). These include "[t]he right to reasonable, accurate, and timely notice of any public court proceeding ... involving the crime or of any release or escape of the accused," and "[t]he right to be

1

reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. §§ 3771(a)(2) and (a)(4).[1] The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation and prosecution of crime [to] make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b). A "crime victim" under the Act is defined as "a person directly and proximately harmed" as a result of the commission of a Federal offense. 18 U.S.C. § 3771(e).

In cases involving potentially thousands of victims, the requirements imposed by the Act are simply overwhelming. In recognition of this, the Act grants the Court authority to fashion alternative notification procedures when the Court finds that implementation of the prescribed requirements would be impracticable. The Act provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection [3771](a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

18 U.S.C. § 3771(d)(2). The Act places no limitations on the alternative procedures

---

[1] The government reserves the option of seeking additional relief from the Court, at a later time, with regard to the other rights set forth in 18 U.S.C. § 3771(a).

which a court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. *Id.*

In this case, the defendants are charged with wire fraud resulting in millions of dollars of grain that was fraudulently marketed and sold as organic but was, in fact, non-organic, being sold to customers across the country. The grain fraudulently sold as organic was further processed and sold by these customers to their own customers, thereby disseminating grain that was thought to be organic but was not to thousands of businesses and consumers. Therefore, thousands of businesses and people purchased a product for which they likely paid a premium, but received a product that was not what they thought it would be, namely an actually organic product. Each of these businesses or individuals was proximately harmed by the fraudulent marketing and sale of this grain.

As a result of the fraudulent conduct, potentially tens of thousands of victims were defrauded and sold a product that was not what they intended to buy. This makes individual notification pursuant to section 3771(a)(2) impracticable. Therefore, the government requests a finding that, under these circumstances, the number of victims makes it impracticable to provide individual victim notification under section 3771(a)(2). In order to give effect to the rights of the victims, however, the government respectfully submits that the procedure outlined below is "reasonable" under Section 3771(d)(2).

**B.     Government's Proposed Alternative Notification Procedures**

Consistent with the Court's discretion to fashion reasonable alternative victim notification procedures in cases such as this under section 3771(d)(2), the government requests authorization from the Court to provide notification to the victims as follows.

The government will inform potential victims of their statutory rights and all public court proceedings by posting notice of those rights and proceedings on the Justice Department's website for large cases, http://justice.gov/largecases/, to direct victims to a case-specific website where all required notices will be posted.   The Government will also issue a press release informing individuals who believe they may be victims to access the Justice Department website for more information.

**C.     Conclusion**

The number of potential victims in this case renders individual notification to each, pursuant to 18 U.S.C. § 3771(a)(2), impracticable.   In such cases, the Act authorizes this Court to fashion a reasonable, alternative notification procedure to effectuate the aims of the Act without unduly complicating or prolonging the proceedings.   18 U.S.C. § 3771(d)(2).   The government's proposed notification procedures would accomplish these goals.   For the reasons set forth above, the government respectfully requests that this Court grant the relief requested herein.

The undersigned has contacted defendant's attorney and there is no objection to this motion.

Respectfully submitted,

PETER E. DEEGAN
United States Attorney

By: */s/ Anthony Morfitt*

ANTHONY MORFITT
Assistant United States Attorney

and

By: */s/ Jacob Schunk*

JACOB SCHUNK
Assistant United States Attorney

111 7th Ave. SE
Cedar Rapids, Iowa 52401
(319) 363-6333
tony.morfitt@usdoj.gov
jacob.schunk@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on December 26, 2018.

UNITED STATES ATTORNEY

BY:  s/ HAD

COPY TO: Mark Weinhardt