IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18-CR-2034-CJW |
| | ) | |
| vs. | ) | |
| | ) | |
| RANDY CONSTANT, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION OF THE UNITED STATES FOR A PRELIMINARY
ORDER OF FORFEITURE**

The United States of America, by its undersigned counsel, respectfully submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth below. A proposed order is submitted under separate cover.

1. On December 19, 2018, an Information was filed charging the defendant with one count of Wire Fraud in violation of Title 18, United States Code, Section 1343.

2. The information included a forfeiture allegation seeking forfeiture, pursuant to Title 18, United States Code 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. A substitute assets provision was also included in the forfeiture allegation pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 28, United States Code, Section 2461(c).

3. The Court's jurisdiction in this matter is founded upon 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c ).

**<u>Title 18, United States Code, Section § 981 provides as follows</u>**:

**(a)(1)** The following property is subject to forfeiture to the United States:

(C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section 215, . . . or 1344 of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title, or a conspiracy to commit such offense.

**<u>Title 18, United States Code, Section 1956(c)(7) provides as follows</u>**:

(c) As used in this section—

(7) the term "specified unlawful activity" means —

(A) any act or activity constituting an offense listed in section 1961(1) of this title except an act which is indictable under subchapter II or subchapter 53 of title 31;

**<u>Title 18, United States Code, Section 1961(1) provides as follows:</u>**

**§ 1961.    Definitions**

As used in this chapter—

(1)(B) any act which is indictable under any of the following provisions of title 18, United States Code: . . . 1343 (relating to wire fraud) . . .

**<u>Title 21, United States Code, Section 853(p) provides as follows:</u>**

**§ 853.    Criminal Forfeitures**

**(p)    Forfeiture of substitute property**

**(1) In general**

> Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant—

2

(A) cannot be located upon the exercise of due diligence;
(B) has been transferred or sold to, or deposited with, a third party;
(C) has been placed beyond the jurisdiction of the court;
(D) has been substantially diminished in value; or
(E) has been commingled with other property which cannot be divided without difficulty.

**(2) Substitute property**

In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

**<u>Title 28, United States Code, Section 2461(c) provides as follows</u>:**

**§ 2461.    Mode of recovery**

**(c)**    If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure.   If the defendant is convicted of the offense giving rise to forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code.   The procedures in section 413 of the Controlled Substances Act (21 U.S.C. 853) apply to all stages of a criminal forfeiture proceeding, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act.

4.    Rule 32.2(b)(1)(A) and (B), (b)(2)(A) and (B), and (b)(3), and (b)(4)(A)

and B, and 32.2(c)(1), Federal Rules of Criminal Procedure, provide that:

**(b)    Entering a Preliminary Order of Forfeiture.**

**(1)    Forfeiture Phase of the Trial.**

**(A)    Forfeiture Determinations.**   As soon as practicable after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to

forfeiture under the applicable statute.  If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.  **If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.**
**(B)   Evidence and Hearing.**  The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable.  If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

**(2)   Preliminary Order.**
   **(A)   Contents of a Specific Order.**  If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.  The court must enter the order without regard to any third party's interest in the property.  Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

   **(B)   Timing.**  Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

**(3)   Seizing Property.**  The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights.  The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

**(4)   Sentence and Judgment.**
   **(A) When Final.**  At sentencing—or at any time before sentencing if the defendant consents—the preliminary forfeiture order becomes final as to the defendant.  If the order directs the defendant to forfeit specific property,

it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

**(B) Notice and Inclusion in the Judgment.** The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36.

**(c)(1) Ancillary Proceeding; Entering a Final Order of Forfeiture.**

**(1) In General.** If, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding, but no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.

5. Based upon the guilty plea entered by defendant on December 20, 2018, to Count 1 of the Information, and Magistrate Judge Mark A. Roberts, finding that the United States has established the requisite nexus between the property and the offense to which the defendant has pled guilty, and the Court's Order accepting the Magistrate's Report and Recommendation entered December 20, 2018, the United States is entitled to a money judgment in the amount of $128,190,128, pursuant to Federal Rule of Criminal Procedure 32.2(b)(1)(A) and pursuant to the terms of the plea agreement entered into by the parties.

6. The money judgment does not require an ancillary hearing pursuant to Rule 32.2(c)(1), and the money judgment becomes final at sentencing pursuant to Rule 32.2(b)(4)(A).

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture in the form of a money judgment against defendant in the amount of $128,190,128.

Respectfully submitted,

PETER E. DEEGAN, JR.
United States Attorney

By: */s/ Martin J. McLaughlin*

MARTIN J. McLAUGHLIN
Assistant United States Attorney
111 - 7th Avenue SE
Cedar Rapids, IA    52401
(319) 363-6333
(319) 363-1990 - fax
Marty.McLaughlin@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2019, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

By: */s/ B. Nietert*