IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 18-CR-2034 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE AND DOWNWARD VARIANCE** |
| RANDY CONSTANT, | ) | |
| Defendants | ) | |

The Defendant, Randy Constant, moves this court for a downward departure and/or a downward variance from the advisory guideline sentencing range calculated in his final presentence investigation report ("PSIR"). In support of his motion, Mr. Constant states as follows:

1. After all adjustments, the PSIR calculates an advisory guideline sentencing range for Mr. Constant of 188 to 235 months based upon an offense level of 36 and a criminal history category of I. Mr. Constant does not object to that calculation. He believes, however, that his sentence should be substantially below that range.

2. Mr. Constant first seeks a downward departure from the guideline sentencing range on the basis that the offense level determined under U.S.S.G. §2B1.1 substantially overstates the seriousness of his offense. This is true particularly because the loss figure calculated under the guidelines produces an extremely high guideline sentencing range, yet the actual loss to the victims in this case is highly diffuse, very small as to any individual victim, immeasurable as a practical matter, and imperceptible. A downward departure under such circumstances is authorized under §2B1.1 n. 21(C).

3. Mr. Constant also seeks a downward variance from the advisory guideline range. First, to the extent that this Court does not grant him a downward departure on the basis requested in this motion, he requests that the Court grant him similar relief but in the form of a downward variance.

4. Additionally, Mr. Constant seeks a downward variance on various other grounds, including the odd failure of §2B1.1 as applied here to give him credit for the undisputed value of the grain he sold in the transactions for which he has been prosecuted, the degree to which §2B1.1 generally overstates the seriousness of certain financial crimes by according too much weight to the dollar-value of the transactions involved as compared to all other sentencing factors, and a consideration of the general sentencing factors under 18 U.S.C. §3553(a). Mr. Constant is separately filing a sentencing memorandum that more fully explains the bases for his requested downward departure and/or downward variance.

WHEREFORE, the Defendant, Randy Constant, prays this court for a downward departure and/or downward variance from the advisory guideline sentencing range in this case.

THE WEINHARDT LAW FIRM

By /s/ Mark E. Weinhardt
    Mark E. Weinhardt    AT0008280
    Todd M. Lantz    AT0010162
    2600 Grand Avenue, Suite 450
    Des Moines, IA 50312
    Telephone: (515) 244-3100
    E-mail:    mweinhardt@weinhardtlaw.com
                tlantz@weinhardtlaw.com

ATTORNEYS FOR DEFENDANT

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed below on August 9, 2019 by

☐ U.S. Mail ☐ FAX
☐ Hand Delivered ☐ Electronic Mail
☐ FedEx/ Overnight Carrier
☒ EDMS

All counsel of record

Signature: */s/* Michele Baldus